MYRA M. TURNER v. THE TOWNSHIP OF RIDGEWAY.

*Negligence—Evidence—Expert testimony.*

1. Where in a personal injury case the declaration avers only an injury to plaintiff's spine, the admission of testimony as to uterine troubles, with which she claimed to be affected, on the supposition that they would be shown to be traceable to the injury alleged in the declaration, is not

error, said evidence having been withdrawn by plaintiff's counsel, by permission of the court, upon his statement that he could not furnish said connecting evidence, and the defendant having shown by a medical witness that the plaintiff's condition of impaired health was due, in part at least, to a uterine difficulty, with which the witness testified plaintiff was affected, and for which the defendant was not responsible.

2. Objection was made to the allowance of a question to one of plaintiff's witnesses as to her present appearance as compared with what it was prior to the injury, on the ground that the proposed testimony was incompetent, as plaintiff's testimony showed that she was suffering from a uterine difficulty. And it is held that the objection only went to the weight of the testimony, which must depend upon whether or not the uterine difficulty was of a nature which would cause the change in appearance which the witness testified to.

3. One of the defendant's medical witnesses was asked whether, in cases where there is simply a physical shock, as a fall upon the side, and there is no warning or apprehension preceding the shock, he would expect a case of railroad spine or concussion of the spine to follow. And it is held that the question was properly excluded; that, aside from the fact that it did not fairly represent the case as made by the proofs, it contained an assumption that railroad spine and concussion of the spine meant the same thing; that, as the question was put, it would be impossible for any expert to give an intelligent answer as to whether a fall upon the side would occasion concussion of the spine, and that something of the nature of the fall should have been included in the question.

Error to Lenawee. (Lane, J.) Submitted on briefs May 3, 1895. Decided May 21, 1895.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Wood & Bird,* for appellant.

*Watts, Bean & Smith,* for plaintiff.

MONTGOMERY, J. Plaintiff recovered a verdict of

$1,300 for injuries sustained by being thrown from a carriage on a highway in defendant township, under circumstances which the jury held established negligence on the part of defendant, under a charge which is not excepted to. Defendant brings the case here, assigning error on the admission of testimony and on the language of counsel in summing up the case to the jury.

The declaration charged that plaintiff was injured in her spine, and when she was on the stand she was asked by her counsel, "How was your period affected by this?" The question was objected to, on the ground that no uterine trouble was alleged in the declaration, whereupon counsel for plaintiff stated that he expected to show a displacement of the womb, and was permitted to proceed on the supposition that he would also show that the uterine difficulty was traceable to the injury to the spine. Some time after this testimony was introduced, counsel for plaintiff stated:

"There has been some testimony put into this case in regard to the uterine difficulty of this plaintiff. It was our understanding that that was the result of the injury to the spine, but I am informed by the doctor that that does not necessarily follow, and I ask leave to strike out all of that testimony, and withdraw it from the jury, or else I desire to amend the declaration by alleging the injury across the abdomen.

"*Mr. Wood:* We certainly would object.

"*Mr. Bean:* I think that I will withdraw the testimony in regard to any uterine difficulty, or any injury to the uterus or displacement of the womb.

"*Mr. Wood:* We desire an exception, if not already taken, to the introduction of this evidence. It is a very unsatisfactory way to defend, to have testimony of this nature introduced and then withdrawn; although I am not charging counsel with bad faith, or anything of that kind.

"*The Court:* The only thing the court can do is to permit it to be withdrawn."

Dr. Eccles was then called to the stand by the plaintiff, and, on his cross-examination, defendant's counsel drew

out the fact that plaintiff had uterine trouble, and asked the following questions:

"Was that uterine trouble in any way connected with this concussion of the spine?

"*A*. No, sir.

"*Q*. It had nothing to do with it?

"*A*. No, sir.     *     *     *

"*Q*. What effect would this uterine trouble have upon the nervous system?

"*A*. It would tend to reduce it some.   It would weaken the system, from flowing."

Subsequently defendant's counsel also showed by their own witness, Dr. Eaton, that the plaintiff's condition of impaired health was due, in part at least, to the uterine difficulty, for which defendant was not responsible.

It is difficult to conceive how this testimony could have worked any injury to defendant.   Indeed, it would appear to have been essential to the defense; and, after showing, as they did, that it was not traceable to the injury to the spine, its tendency was to reduce, rather than to increase, the damages.

Exception was taken to the allowance of a question to plaintiff's witness, as follows:

"What is her appearance now as compared with what it was then [prior to the injury], as to health?"

The objection is that this was incompetent, as the plaintiff's testimony showed that she was suffering from a uterine difficulty.   But this objection only goes to the weight of the testimony, which must depend upon whether the uterine difficulty was of a nature which would cause the change in appearance which the witness testified to.

Exception was taken to the exclusion of a question put to Dr. Kirkpatrick, defendant's witness, as follows:

"In cases where there is simply a physical shock,—as a fall upon the side,—and there is no warning, no apprehension preceding the shock, would you expect a case of railroad spine or concussion of the spine to follow?"

We think the question was properly excluded. Aside from the fact that it did not fairly represent the case as made by the proofs, the question contained an assumption that railroad spine and concussion of the spine meant the same thing, and certainly, as the question was put, it would be impossible for any expert to give an intelligent answer as to whether a fall upon the side would occasion concussion of the spine. It would depend, of course, upon the nature of the fall. The testimony on the part of the plaintiff tended to show that she was thrown over the heads of the other occupants of the buggy, and plaintiff says:

"I should think it was 15 feet away. Directly down, it would be, in a perpendicular, anywhere from seven to ten feet."

Something of the nature of this fall should have been included in the question.

Objection was taken to the language of counsel in arguing the case to the jury. We do not think that these remarks were of a nature which call for a reversal of the case.

The judgment will be affirmed.

The other Justices concurred.